UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA MACKLEY, as next friend for E.M.,
a minor,

       Plaintiff,

v.

MASON PUBLIC SCHOOL DISTRICT; LANCE
DELBRIDGE; NICHOLAS TOODZIO; BARB
BYRUM and BRAD DELANEY, individually,

       Defendants.

Case No. 1:24-cv-00076-RJJ-SJB

Hon. Robert J. Jonker

Mag. Sally J. Berens

---

**DEFENDANTS BRYUM AND DELANEY'S**
**BRIEF IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS**

This lawsuit concerns the Mason Public School District's decision to allow B.D., now a 10th-grader, to attend high school under certain conditions a year after he was found to have violated school policy and expelled from middle school. Defendants Byrum and Delaney are B.D.'s parents. They petitioned the Mason Public Schools Board of Education for their son's reinstatement in accordance with the required procedure set forth under Michigan law. The Board of Education granted B.D. a conditional reinstatement. For this, Plaintiff seeks to hold Bryum and Delaney liable for civil conspiracy under Section 1983 and for intentional infliction of emotion distress under Michigan law. Plaintiff's claims fail and should be dismissed with prejudice.

**STATEMENT OF THE FACTS**

Although certain facts alleged in the Complaint are false, Defendants assume them to be true as required for the purpose of this motion.

During the summer of 2022, B.D. was found to have violated school policy and was

1

expelled from Mason Middle School. (PageID 30-31, ¶¶ 24-26.) After B.D. followed the terms of the expulsion for one year, B.D.'s parents, Defendants Byrum and Delaney, filed a petition with the Mason Public Schools Board of Education seeking B.D.'s reinstatement. (PageID 31, ¶ 26.) Michigan law explicitly allows parents of expelled minors to petition the relevant school board for reinstatement. See, e.g. MCL 380.1311(6). The Mason Public School Board of Education granted the petition subject to the condition that B.D. abide by a no-contact order. (PageID 31, ¶ 28; PageID 32, ¶ 30.) B.D. was allowed to attend Mason High School beginning in the fall of 2023. (PageID 31, ¶ 29.) Plaintiff does not allege that B.D. ever violated the conditions of his expulsion or the no-contact order. (See PageID 32, ¶¶ 31-33.)

Plaintiff does not allege that Defendants Byrum and Delaney did anything aside from submit the reinstatement petition. (See PageID 31, ¶¶ 26-28.) In order to bootstrap this perfectly legal and reasonable conduct into a lawsuit she alleges that Byrum is the Ingham County Clerk and Delaney is employed by the Ingham County Sheriff's Office and then alleges that they "us[ed] their political influence," (PageID 35, ¶ 48), and that "upon information and belief Defendants Mason Public Schools and the Mason Board of Education violated Plaintiff's civil rights pursuant to an agreement with or in concert with" Defendants. (Page ID 40, ¶ 69.) Plaintiff does not allege any facts, as she cannot in good faith, that support these conclusory and false allegations.

Based solely on these conclusory allegations Plaintiff brings two counts against Defendants Byrum and Delaney: Count III, Civil Conspiracy under § 1983; and Count IV, Intentional Infliction of Emotion Distress under Michigan law. These claims should be dismissed with prejudice.

## STANDARD OF REVIEW

To survive a motion to dismiss, Plaintiff must assert sufficient factual allegations to establish that her claims are "plausible on [their] face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Following the two-step process set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), courts first disregard "mere recitals of the elements of a cause of action, supported by mere conclusory statements." Allegations based upon "information and belief" are "precisely the kinds of conclusory allegations that *Iqbal* and *Twombly* condemned and thus told [courts] to ignore when evaluating a complaint's sufficiency." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 506 (6th Cir. 2013). Second, courts review any remaining allegations to determine whether they "plausibly" entitle the plaintiff to relief. *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 567). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). As interpreted by the Sixth Circuit, a complaint that does not provide the "when, where, in what or by whom" to support conclusory allegations fails to state a claim. *Center for Bio-Ethical Reform v. Napolitano*, 648 F.3d 365, 373 (6th Cir. 2011).

## ARGUMENT

**A. Plaintiff's § 1983 Civil Conspiracy claim should be dismissed.**

Plaintiff claims that Defendants Byrum and Delaney are liable for civil conspiracy under § 1983. This claim fails for several reasons.

First, Byrum and Delaney are not state actors with regard to claims in the Complaint. Section 1983 liability only applies to state actors. *Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002). Byrum and Delaney are, of course, government employees, but the acts of

government employees taken "in the ambit of their personal, private pursuits fall outside 42 U.S.C. § 1983." *Id.* Here, the allegations against Defendants are entirely related to personal, private pursuits. The only act they are alleged to have undertaken is that they filed a petition with Mason Public Schools Board of Education in their capacity as B.D.'s parents. Plaintiff does not, as she cannot in good faith, claim that this act was undertaken in their official capacities or "under the color of state law." *Id.*

Second, Plaintiff has not pled any facts that could establish that Defendants conspired with a state actor under § 1983. A private party may be held liable under § 1983 for conspiring with a state actor to violate federal law only if sufficiently alleged facts establish: 1) a single plan existed; 2) the conspirators shared a conspiratorial objective to deprive the plaintiff of his or her federal rights; and 3) an overt act was committed in furtherance of the conspiracy that caused injury. *Jacob v. Ronayne*, No. 20-13370, 2022 WL 90852, at *4 (E.D. Mich. Jan. 7, 2022). The bar is a high one at the pleading stage. "Conspiracy claims must be pled with some specificity . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Victor v. Roscommon Cnty. Prob. Dep't*, No. 11-15143, 2012 WL 1598138, at *2 (E.D. Mich. May 7, 2012) (citing *Gutierrez v. Lynch,* 826 F.2d 1534, 1539 (6th Cir.1987)). In other words, "pleading requirements governing civil conspiracies are relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (affirming sanctions where plaintiff brought conspiracy claim based on vague and conclusory allegations).

Here, Plaintiff pleads no facts at all in support her conspiracy claim. Plaintiff's allegations that Defendants "us[ed] their political influence" or that they acted in "agreement with or in concert with" with state actors--and even this upon "information and belief"—are entirely devoid of any factual content. (See PageID 35, ¶ 48; PageID 40, ¶ 69.) They are

4

precisely the sort of conclusory statements that the Supreme Court and the Sixth Circuit have held must be ignored when evaluating a complaint. *16630 Southfield Ltd. P'ship*, 727 F.3d at 506 (allegations based upon "information and belief" are "precisely the kinds of conclusory allegations that *Iqbal* and *Twombly* condemned and thus told [courts] to ignore when evaluating a complaint's sufficiency."); *Center for Bio-Ethical Reform*, 648 F.3d at 373 (a complaint that does not provide the "when, where, in what or by whom" to support conclusory allegations fails to state a claim.)

The necessity of pleading conspiracy with specificity is particularly acute where, as here, the entire claim is premised on the Defendants availing themselves of a legally prescribed adjudicative process. "If an adverse judicial ruling were sufficient to allege a § 1983 conspiracy, disappointed litigants could bring a conspiracy claim whenever a judge ruled against them. More particularized pleading is necessary to avoid converting every contested judicial ruling into a separate federal civil rights lawsuit." *Jacob*, 2022 WL 90852, at *4 (citations omitted). Plaintiff's pleading here is so threadbare that her claims should fail under even the most lenient Rule 12(b)(6) standards. But she comes nowhere close to pleading facts that could plausibly establish that Defendants engaged in a conspiracy simply by availing themselves of their right to petition for B.D.'s reinstatement as they are legally entitled to under Michigan law.

To the extent Plaintiff is also attempting to plead conspiracy under Michigan law, the claim still fails for failure to allege sufficient facts. In order to establish conspiracy under Michigan law, Plaintiff must plead "a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Courser v. Allard*, 969 F.3d 604, 622 (6th Cir. 2020) (citations omitted). Just as with § 1983 claims, conspiracy claims under Michigan law "must be pled with

5

some degree of specificity—not merely vague or conclusory allegations." *Id.* (quotes and citations omitted).

Once the contentless conclusory allegations are stripped away, Plaintiff simply has not alleged any facts suggesting that Defendants engaged in "concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." It follows that, to the extent Plaintiff is attempting to plead civil conspiracy under Michigan law, that claim should be dismissed as well.

### B. Plaintiff's IIED claim should be dismissed.

Plaintiff's claim of intentional infliction of emotional distress (IIED) is also baseless. In order to state a claim of IIED Plaintiff must plead facts plausibly establishing: (1) the defendant's extreme and outrageous conduct, (2) the defendant's intent or recklessness, (3) causation, and (4) the severe emotional distress of the plaintiff. *Walsh v. Taylor*, 263 Mich. App. 618, 634 (2004). "Liability attaches only when a plaintiff can demonstrate that the defendant's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* (quotations omitted). The "extreme and outrageous" standard is an objective one and the Court must decide, in the first instance, whether the allegations meet that threshold. *Dalley v. Dykema Gossett*, 287 Mich. App. 296, 321 (2010). Invoking one's legal rights is privileged and can never support a claim of IIED. *Early Detection Center, P.C. v. New York Life Insurance Co.,* 157 Mich.App. 618, 626–627 (1986).

Here, Plaintiff's IIED claim fails for several reasons. First, the only act Defendants Byrum and Delaney are alleged to have undertaken is filing a reinstatement petition on behalf of B.D. This is the invocation of a legal right under Michigan law (see MCL 380.1311(6)) and

6

cannot form the basis of an IIED claim. Plaintiff's IIED claim against Defendants Byrum and Delaney must be dismissed for this reason alone. *Early Detection Center, P.C.,* 157 Mich.App. at 626–627; see also *Charest v. Citi Inv. Grp. Corp.*, No. 330775, 2017 WL 2212110, at *5 (Mich. Ct. App. May 18, 2017) (filing claim with sheriff for surplus funds from mortgage foreclosure sale under Michigan law is absolutely privileged with regard to IIED claim).

Second, Plaintiff fails to allege the element of intent. In order to establish intent, Plaintiff must allege facts showing that Defendants "specifically intended to cause [E.M.] emotional distress or that [their] conduct was so reckless that any reasonable person would know emotion distress would result." *Charest*, 2017 WL 2212110, at *5. Again, all Defendants are alleged to have done is file a reinstatement petition on behalf of their son, which is their legal right. Of course Defendants Byrum and Delaney did not and do not intend E.M. any harm—Plaintiff does not allege otherwise—and following the prescribed legal process for reinstatement is not "reckless."

Third, Plaintiff cannot establish causation. Plaintiff's claim is premised on the allegation that allowing B.D. to attend Mason High School, subject to a no-contact order, caused E.M. extreme emotion distress. She does not allege that the act of filing the petition itself caused her any emotional distress. As Plaintiff herself alleges, the decision to allow B.D.'s conditional reinstatement was made by the Mason Public School District Board of Education. (PageID 35, ¶ 49.) Plaintiff has not alleged any facts suggesting that Defendants Byrum and Delaney took any action which influenced the reinstatement decision aside from filing their petition, which they are legally entitled to do.

Finally, even setting all this aside, the conduct forming the basis of Plaintiff's claim—allowing B.D. to return to school after one year subject to a no-contact order—does not

constitute "extreme and outrageous" conduct under Michigan law. Plaintiff does not allege, as she cannot, that B.D. has had any contact with E.M. or that he has not followed the conditions placed upon his return. Merely allowing B.D.'s conditional return to high school does not constitute the type of conduct that is required to establish IIED under Michigan law. See, e.g., *McGrew v. Duncan*, 333 F. Supp. 3d 730, 743 (E.D. Mich. 2018) (officer who threw plaintiff to ground, ridiculed her appearance, and threatened to shoot her did not engage in "extreme and outrageous" for purposes of IIED); *Mino v. Clio Sch. Dist.*, 255 Mich. App. 60, 66, 79 (2003) (spreading rumors of sexual misconduct to protentional employers is not "extreme and outrageous" for purpose of IIED). Cf. *Johnson v Wayne Co*, 213 Mich. App. 143, 161-162 (1995) (juror in murder trial held in contempt of court and placed in holding cell with the alleged murderer constitutes IIED); *Doe v. Mills*, 212 Mich. App. 73, 91 (1995) (publicizing plaintiffs' names and the fact of their abortions on large signs held up outside clinic entrance constitutes IIED).

For each of these independent reasons, Plaintiff's IIED claims against Defendants Byrum and Delaney should be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendants Byrum and Delaney respectfully request that Counts III and IV are dismissed as against them with prejudice. They also request an award of attorneys' fees under 42 U.S.C. § 1988, (see *Hashem-Younes v. Danou Enterprises, Inc.*, No. 06-CV-15469, 2008 WL 786759, at *2 (E.D. Mich. Mar. 20, 2008) (defendants are entitled to attorney fees in § 1983 actions where "the plaintiff's action was frivolous, unreasonable, or without foundation"), and all other relief just and proper under the circumstances.

Date: February 13, 2024

        By:      _____s/Uri Abt_____

        Uri Abt (P84350)
        Law Office of Uri Abt PLLC
        *Attorney for Defendants Byrum and Delaney*
        517 Wildwood Drive
        East Lansing, MI 48823
        (517) 858-9410
        uri@abtlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

By: _____s/Uri Abt_____

Uri Abt (P84350)
Law Office of Uri Abt PLLC
*Attorney for Defendants Byrum and Delaney*
517 Wildwood Drive
East Lansing, MI 48823
(517) 858-9410
uri@abtlawfirm.com

# CERTIFICATE OF COMPLIANCE

As required under LCivR 7.2(b)(i), I hereby certify that this brief includes 2,336 words including headings, footnotes, citations and quotations and not including the case caption, cover sheets, any table of contents, any table of authorities, the signature block, attachments, exhibits, and affidavits. This word count was generated by Microsoft Word Version 16.81, the processing software utilized to draft the brief.

By: _____s/Uri Abt_____

Uri Abt (P84350)
Law Office of Uri Abt PLLC
*Attorney for Defendants Byrum and Delaney*
517 Wildwood Drive
East Lansing, MI 48823
(517) 858-9410
uri@abtlawfirm.com