# Exhibit A



## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DISTRICT

KATRINA MACKLEY, as next of friend
for E.M., a minor,

        Plaintiff,

-vs-
                              Case No. 1:24-cv-00076
                              Honorable Robert J. Jonker

MASON PUBLIC SCHOOL DISTRICT;
LANCE DELBRIDGE; NICHOLAS TOODZIO;
BARB BYRUM and BRAD DELANEY, individually,

        Defendants.

---

| | |
|---|---|
| BRANDON T. WOLFE (P82421) | URI ABT (P84350) |
| **WOLFE TRIAL LAWYERS, PLLC** | **Law Office of Uri Abt, PLLC** |
| Attorney for the Plaintiff | Attorney for DF Byrum/Delaney |
| 2844 Livernois Rd., Suite 276 | 517 Wildwood Drive |
| Troy, Michigan 48099 | East Lansing, MI 48823 |
| Ph: (313) 450-2015 | (517) 858-9410 |
| brandon@hirethewolfe.com | uri@abtlawfirm.com |

---

## PLAINTIFF'S FIRST AMENDED COMPLAINT

    **NOW COMES,** Plaintiff Katrina Mackley, as next of friend for E.M., by and
through her attorneys, WOLFE TRIAL LAWYERS, PLLC, and for her First
Amended Complaint as of right against the above-named Defendants, jointly and
severally, states as follows:

## JURISDICTION AND VENUE

1.     This first amended complaint is brought as of right under FRCP 15(a).

2.     This cause of action is brought pursuant to the United States Constitution, Title IX and pendent claims arising under the laws of the state of Michigan.

3.     This Court has jurisdiction over the claims arising under federal law pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367.

4.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as this cause of action arose within the Western District of Michigan.

## PARTIES

5.     Plaintiff E.M. is a minor, and was at all times relevant hereto, a citizen of the United States and a resident of the City of Mason, County of Ingham, State of Michigan.

6.     Plaintiff Katrina Mackley is the mother and duly appointed Next of Friend and brings suit in her representative capacity as the personal representative.

7.     Defendant Mason Public School District was at all times relevant hereto, a body politic and Municipal corporation organized under the laws of the State of Michigan and is responsible for the operation of the Mason Public High School (herein "MPHS").

8.     At all times material and relevant hereto, Defendant Lance Delbridge was the principal of the Mason Public High School and was acting under the color of state law and in the course and scope of his employment. He is sued in his individual capacity.

9.     At all times material and relevant hereto, Defendant Nicholas Toodzio was the assistant principal of the Mason Public High School and was acting under the color of state law and in the course and scope of his employment. He is sued in his individual capacity.

10.     At all times material and relevant hereto, Defendant Barb Byrum was and is the mother of the child (B.D.) who sexually assaulted E.M. outlined below and the current Ingham County Clerk who resides in Ingham County.

11.     At all times relevant and material hereto, Defendant Brad Delaney was and is the father of the child (B.D.) who sexually assaulted E.M. outlined below and currently employed with the Ingham County Sheriff's office who resides in Ingham County.

## COMMON FACTUAL ALLEGATIONS

12.     Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 11, as if fully set forth herein.

13.     Plaintiff E.M. was a minor who attended the 8th grade at Mason Middle School in the Mason Public School District.

14.     On May 12, 2022, at Mason Middle School, thirteen-year-old E.M. was sexually assaulted by another student, B.D, by digital penetration.

15.     Plaintiff E.M. was sitting in her English class at a table when B.D., who was attending the same class, pulled her chair closer to him and leaned forward as if he was going to tell her a secret but instead, forcefully put his hand inside E.M.'s sweatpants and underwear and digitally penetrated her vagina without consent.

16.     E.M. indicated that B.D.'s fingers were fully inside her and she tried to stop B.D. by stating "I'm on my period" but was unsuccessful. She then tried to push his arm away but could not.

17.     Luckily the bell rang and B.D. took his hand out quickly and E.M. rushed out of the classroom.

18.     Undeterred, BD sat next to E.M. again on May 16, 2022, in a different classroom and once again pulled up a chair and tried to perform the same act, rubbing E.M.'s upper/inner thigh on the outside of her pants. E.M. abruptly got up and moved away without B.D. saying anything to her.

19.     These incidents were ultimately reported to Ms. Hilker, the assistant principal, on May 19.

20.     A week later, the Mason Police Department investigated EM's allegations.

21.     Several interviews took place including Ms. Hilker (assistant principal), Ted Berryhill (principal), a forensic interview with E.M. and several Mason Middle School students. B.D. never spoke to the police or denied any allegations whatsoever.

22.     On May 27, 2022, the police department's investigation evolved into a Title IX investigation.

23.     E.M.'s version of events was corroborated by other students at Mason Public School who observed B.D. being very "touchy with E.M." and "would touch her legs and rest his hand on her thigh."

24.     At the conclusion of the Title IX investigation, the district found that BD's unwelcome touching and digital penetration to E.M. was so severe, pervasive and objectively offensive that it effectively denied E.M. equal access to the district's educational program in violation of her civil rights.

25.     B.D.'s behavior also violated other District policies and codes of conduct including Board Policy #2266.

26.     On July 1, 2022, an Ingham County Circuit Court Judge granted an Order for Personal Protection against B.D.

27.     On July 28, 2022, the Title IX investigation concluded and recommended the Board of Education expel respondent per Board Policy. The board policy coincides with Michigan law under MCL 380.1311(2) which states "if a

pupil…. commits a criminal sexual conduct in a school building or on school grounds… against another pupil in the same school district, *the school board shall expel the pupil from the school district permanently…*

28.   Upon information and belief, B.D. was expelled from the school for his 9th grade year and applied for reinstatement by and through his parents, Defendant Byrum and Delaney.

29.   Significantly, B.D.'s mother is Defendant Byrum, the Ingham County Clerk, and his father a prominent Ingham County Sheriff sergeant, Brad Delaney.

30.   B.D.'s parents petitioned the Mason Board of Education for reinstatement and as a result of their significant influence, were successful. In other words, the Mason Board of Education and Mason Public School district chose to allow B.D. back in the school without considering the effect on E.M's educational environment.

31.   In petitioning the School Board for B.D.'s reinstatement, his parents exercised undue influence and used their position of authority within the County to persuade and allow B.D. to return to school.

32.   The following year, and despite a PPO that was reinstated in December 2023, B.D. was placed back in the *exact same public school district as E.M.*—Mason Public High School.

33.    Before the fall 2023 school year, Mason Public High School, by and through Defendant Delbridge and Toodzio, put in place a "No-Contact order" between E.M. and B.D.

34.    The practical effect of the "No Contact Order" essentially treats E.M. as if she was equally blameworthy for the incident in the 8th grade and precluded her from traversing down certain hallways, hanging around classrooms or lockers of B.D., avoiding face-to-face contact, and to avoid contact with each other during passing time, lunch time, or extracurricular activities.

35.    However, E.M. continues to see B.D. daily in the halls, lunchrooms, and extracurricular activities for school.

36.    Seeing B.D. every day is a constant reminder of being sexually assaulted in the 8th grade and the mental anguish from that embarrassment.

37.    The consistent contact is also in direct violation of Ingham County circuit court Judge Richard Garcia's PPO noting "B.D. poses a credible threat to the physical safety of E.M. and interferes with E.M.'s place of education or engaging in conduct that impairs her educational relationship or environment."

38.    A formal hearing was recently held and the PPO was reinstated again on January 19, 2024.

39.   To date, Plaintiff E.M. continues to see B.D. nearly every day at school and the Mason Public School District continues to act with deliberate indifference to E.M. and the harassment.

## COUNT I
## VIOLATION OF 20 U.S.C§ 1681(a)
## AS TO DEFENDANT MASON PUBLIC SCHOOL DISTRICT

40.   Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 39, as if fully set forth herein.

41.   Title IX provides that "No person in the United States shall on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

42.   The Department of Education requires schools that fall under Title IX's broad scope to "adopt and publish grievance procedures providing for the prompt and equitable resolution of student [...] complaints alleging any action that would be prohibited by" Title IX regulations, including sexual assault. 34 C.F.R § 106.8(b); 28 C.F.R. § 54.135(b).

43.   Plaintiff E.M. was a student at Defendant Mason Public School District and a "person" under Title IX.

44.   Defendant Mason Public High School receives federal financial assistance for its education program and is therefore subject to the provisions of Title IX.

45.   Defendant Mason Public School District is required under Title IX to investigate allegations of sexual assault, sexual abuse, sexual harassment and/or sexually-related misconduct.

46.   Title IX covers the aforementioned conduct in relation to students, employees, and third parties.

47.   B.D.'s unwanted, offensive, and sexual touching(s) toward Plaintiff on multiple days was in violation of Title IX and constitutes severe, pervasive, and objectively offensive behavior that occurred on school grounds.

48.   Plaintiff reported it to agents of the Mason Public School district, which was investigated by Mason Police Department and Defendant's Title IX department.

49.   Defendant Mason Public School District had actual and/or constructive knowledge and notice of B.D.'s sexual misconduct and Plaintiff's desire to alleviate and resolve this sexually-charged environment, including the stress and anxiety that being around B.D. caused her.

50.   B.D. was expelled from Mason Public School District in violation of Board Policy #2266 and Michigan law under MCL 380.1311(2) which provides "if a pupil.... commits a criminal sexual conduct in a school building or on school

grounds… against another pupil in the same school district, the school board shall expel the pupil from the school district permanently…

51.     Approximately 150 days after the suspension, B.D.'s parents petitioned—using their local political influence—the Mason Board of Education for reinstatement of B.D.

52.     The Mason Board of Education and the Mason Public School District ultimately reinstated B.D. in the same high school despite a PPO order in place and acted with complete indifference to E.M.'s educational experience and environment.

53.     Before the beginning of the Fall 2023 school year, Plaintiff sought assurance through Toodzio and Delbridge she would never be forced to suffer embarrassment and shame at the hands of B.D. sexually charged misconduct. This was apparently dealt with by the Mason Public School district in the form of a hollow "No Contact Order" which precludes any face-to-face contact.

54.     Despite the severity of the incident and mental trauma associated with B.D.'s appearance, E.M. continues to see B.D. every day at school even with the No-Contact Order in place.

55.     From the beginning of the school year in 2023, E.M. was subjected to sex discrimination consisting of harassment and an interference with her educational environment in violation of her civil rights.

56.    These face-to-face contacts are also in direct violation of the PPO put in place by Ingham County Circuit Court Judge Garcia which provides "B.D. poses a credible threat to the physical safety of E.M. and interferes with E.M.'s place of education or engaging in conduct that impairs her educational relationship or environment."

57.    Given the above, Defendant Mason Public School District along with Defendant Mason Board of Education, through its agents and employees involved in enforcing and complying with Title IX, acted with deliberate indifference to known acts of sexual misconduct, specifically by allowing B.D. back in Mason Public Schools, failing to discipline B.D. when he violated the No-Contact Order, failing to separate B.D. from E.M., failing to take corrective action, failing to provide her with information about supportive measures, and failing to establish a policy or procedure that ensures she will not be in the vicinity of B.D. to re-live this traumatic situation.

58.    Defendants' failure to promptly and appropriately investigate, remedy, and respond to the situation and continued face-to-face contact after receiving notice of the same subjected Plaintiff E.M. to continued and significant distress, forced Plaintiff to continue to be around B.D. and negatively affected Plaintiff to the extent that her grades suffered.

59.     That as a direct and proximate result of Defendants' collective conduct and wrongful acts and omissions, Plaintiff has suffered mental anguish, physical and emotional distress, humiliation, mortification and embarrassment, as well as loss of reputation.

60.     Pursuant to 42 U.S.C. § 1988 and 20 U.S.C. § 1681, Defendant is liable to Plaintiff for all damages allowed under federal law.  To the extent that the damages allowable and/or recoverable under one or both the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter a Judgement in her favor and against the Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as actual, compensatory punitive and/or exemplary damages so wrongfully incurred, as the Court deems just. Additionally, Plaintiff requests the Court enter an order enjoining Defendant from this ongoing Title IX violation.

## COUNT II – DISCRIMINATION VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT, M.C.L. 37.2401 AS TO DEFENDANTS MASON PUBLIC SCHOOL DISTRICT, LANCE DELBRIDGE AND NICHOLAS TOODZIO

61.     Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 60, as if fully set forth herein.

62.     The Elliott-Larsen Civil Rights Act, M.C.L. § 37.2402 prohibits an educational institution from discriminating "against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of religion, race, color, national origin, or sex."

63.     Defendant Mason Public School District is an "educational institution", and Lance Delbridge and Nicholas Toodzio are "agents" pursuant to the Elliott-Larsen Civil Rights Act.

64.     Because of Plaintiff's gender, she was denied the full and equal right to an adequate investigation by Defendant Mason Public School District regarding Plaintiff's repeated complaints about seeing B.D. in the hallways, at lunch, and during extracurricular activities at school.

65.     The Mason Board of Education as an agent of Defendant Mason Public School District discriminated against E.M when it allowed B.D. to be reinstated into the same school district without considering its effect on the interference with E.M.'s education.

66.     Defendant Toodzio and Lance Delbridge, as agents of Mason Public School district in their official capacity as assistant principal and principal, discriminated against Plaintiff by refusing to legitimately treat this incident as serious and/or as prospective sexual misconduct given the No-Contact order was

inadequate—something known to Toodzio and the district—and the district was required to take further steps to avoid new liability.

67.     Defendant's   Title   IX   "policies   and   procedures"   utilize   a discriminatorily double standard and created a hostile educational environment where E.M. had to repeatedly see her perpetrator every single day in school, including some classes and lunch breaks.

68.     The Defendants collectively failed to take prompt and appropriate remedial action upon learning that the No-Contact order was violated and more importantly, that a circuit court judge's PPO order was violated and instead condoned B.D.'s behavior given his parents hold unique positions of power within Ingham County.

69.     As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described herein, Plaintiff has suffered injuries and damages, including, but not limited to, loss of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

70.     Pursuant to the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq.*, Defendants are liable to Plaintiff for all damages allowed under state law. To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a Judgement in her favor and against the Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as actual, compensatory punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

<u>COUNT III</u>
<u>STATE LAW CIVIL CONSPIRACY AS TO ALL DEFENDANTS</u>

71.     Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 70, as if fully set forth herein.

72.     Defendants Mason Public School District and Mason Board of Education violated Plaintiff's civil rights as identified herein, including by:

   a. Blatantly allowing a sexual perpetrator to attend the same school as his victim, E.M., and interfering/hindering her educational environment;
   b. Allowing B.D. to attend Mason Public School despite B.D.'s continued violations of the Personal Protection order it had knowledge of;
   c. Allowing B.D. to continue to attend Mason Public Schools despite the repeated violations of the school's "No-Contact Order" despite knowledge of the repeated violations;
   d. Violating Plaintiff's rights under ELCRA;
   e. Other violations of Plaintiff's civil rights learned through the course of discovery.

73.     Upon information and belief, Defendants Mason Public Schools and the Mason Board of Education violated Plaintiff's civil rights pursuant to an agreement with or in concert with Defendants Barb Byrum and Brad Delaney.

74.    Defendants Mason Public Schools were acting under their unique positions of power when they conspired with the Defendants Barb Byrum and Delaney.

75.    Defendant Byrum and Delaney used their positions of influence and authority within the County to exert pressure on the School Board and allow their son's reinstatement.

76.    Knowing that there was no valid basis to reinstate their son and that doing so would negatively interfere with Plaintiff's educational right to be free from a hostile education environment caused by their son, Defendants still collectively used their influence to have their son reinstated.

77.    The collective collusion between Defendants and Defendant Mason Public School District resulted in B.D. being allowed back into the same school with Plaintiff, and violation of her civil rights under Title IX and ELCRA.

78.    As a result of Defendants' action and/or omissions, Plaintiff has the following damages:

    a.  Special damages in the form of medical bills;

    b.  Compensatory damages;

    c.  Conscious pain and suffering;

    d.  Punitive damages;

    e.  All damages allowable under Michigan law;

    f.  All damages allowable under Federal law;

    g.  Reasonable costs and attorney fees under 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter a Judgement in her favor and against the Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as actual, compensatory punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AS TO BARB BYRUM AND BRAD DELANEY

79.    Plaintiff re-asserts and realleges each and every allegation contained in paragraphs 1 through 78, as if fully set forth herein.

80.    Despite the Plaintiff's known stress and anxiety from being forced to persistently be around and see B.D., particularly with a Court order PPO in place, Defendants Byrum and Delaney were indifferent to the same and intentionally allowed this to continue.

81.    Defendant Byrum and Delaney specifically intended or acted with reckless disregard to reinstate B.D. in the exact same school E.M. was attending despite the fact the Ingham County Circuit court instituted a PPO against B.D. where he was hindering or affecting E.M.'s educational experience.

82.    The conduct by Defendant Byrum and Delany was either specifically intended to cause E.M. emotional distress or their conduct is/was so reckless that any reasonable person would know emotional distress would result.

83.    That in January 2024, an Ingham County Circuit Court Judge recently reinstated E.M.'s PPO against B.D. and feels that E.M.'s emotional experience has been hindered, B.D continues to go to the same school in violation of the PPO, and B.D.'s parents continue to allow him to go to Mason High school constitutes extreme and outrageous and/or completely reckless behavior.

84.    Defendants Byrum and Delaney's intentional decisions and/or reckless disregard to have B.D. allowed back in school and in violation of laws and policies was undertaken with malice and/or wanton or reckless disregard to Plaintiff and to the further victimization and emotional distress this intentional conduct would naturally cause.

85.    That Defendant Byrum's and Delaney's conduct of allowing B.D. back into the same school as E.M. goes beyond all possible bounds of decency and to be regarded as atrocious and intolerable behavior, particularly when B.D. is a school of choice recipient and his parents pay no taxes in the city of Mason.

86.    The described intentional and/or reckless conduct of Defendants Byrum and Delaney directly and proximately caused severe emotional distress in that:

   a.  The mental shame and mortification inflicted on Plaintiff were serious and of a nature certain to cause severe mental disturbance to this Plaintiff;

   b.  Re-opening closed wounds and trauma caused by B.D. with regard to his sexual assault on E.M.;

   c.  That allowing B.D. to attend the same school as E.M. caused a predictable, probable and anticipated severe emotional distress to her;

   d.  That the consistent reminder of the past sexual assault by seeing B.D. caused physical symptoms to E.M.

87.   Plaintiff has suffered severe psychological and emotional injury as a direct and proximate result of Defendants' intentional infliction of emotional distress, including:

   a.  Mental anguish;

   b.  Shock;

   c.  Emotional distress;

   d.  Denial of social pleasures and enjoyment;

   e.  Embarrassment, humiliation or mortification;

   f.  Medical bills and expenses, past and future;

   g.  Humiliation and embarrassment

   h.  Other economic loss;

   i.  Any and all injuries later discovered or otherwise allowed under Michigan law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in her favor and against the Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as actual, compensatory punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT V
## INTENTIONAL INFLICATION OF EMOTIONAL DISTRESS AS TO DEFENDANT LANCE DELBRIDGE AND NICHOLAS TOODZIO

88.     Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 87, as if fully set forth herein.

89.     That despite a Court ordered PPO in place before the 2023 school year, the Mason Public Schools and specifically Lance Delbridge and Nicholas Toodzio allowed B.D. to be reinstated into the Mason Public High School knowing the B.D.'s presence could affect E.M.'s educational experience constituting extreme and outrageous behavior.

90.     Lance Delbridge and Nicholas Toodzio specifically intended and/or acted with recklessness allowing B.D. to be reinstated at Mason Public High School and failed to consider E.M.'s educational experience.

91.     When the school year began in 2023, Plaintiff E.M. continually was around and observed B.D. nearly every day in school and the individual school Defendants failed to remedy the situation despite numerous requests from E.M.

which constitutes extreme and outrageous behavior in direct violation of the school's "No-Contact Order."

92.     That in January 2021, a Circuit Court Judge in Ingham County has re-instated an PPO against B.D. stating that circumstances continue to exist where B.D. continues to interfere with E.M.'s educational environment.

93.     That despite the reinstatement of the PPO where Defendant Toodzio appeared as a witness, Mason Public High School to this day fails to institute and/or correct any policies and procedures and continues to act with complete indifference and/or recklessly by intentionally ignoring E.M.'s complaints and concerns.

94.     The described intentional and/or reckless conduct of Defendants Mason Public High School, Toodzio and Delbridge directly and proximately caused severe emotional distress in that:

     a.  The mental shame and mortification inflicted on Plaintiff were serious and of a nature certain to cause severe mental disturbance to this Plaintiff;

     b.  Re-opening closed wounds and trauma caused by B.D. with regard to his sexual assault on E.M.;

     c.  That allowing B.D. to attend the same school as E.M. caused a predictable, probable and anticipated severe emotional distress to her;

    d.  That the consistent reminder of the past sexual assault by seeing B.D.

       caused physical symptoms to E.M.

95.    Plaintiff has suffered severe psychological and emotional injury as a direct and proximate result of Defendants' intentional infliction of emotional distress, including:

    a.  Mental anguish;

    b.  Shock;

    c.  Emotional distress;

    d.  Denial of social pleasures and enjoyment;

    e.  Embarrassment, humiliation or mortification;

    f.  Medical bills and expenses, past and future;

    g.  Humiliation and embarrassment

    h.  Other economic loss;

    i.  Any and all injuries later discovered or otherwise allowed under

       Michigan law.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter a Judgment in her favor and against the Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as actual, compensatory punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT VI
## CIVIL CONSPIRARY UNDER 42 U.S.C. § 1985(3) AS TO DEFENDANTS BARB BYRUM, BRAD DELANEY AND THE MASON PUBLIC SCHOOL DISTRICT

96.     Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 95, as if fully set forth herein.

97.     The Reconstruction-era Congress passed § 1985(3) in order to provide a cause of action against participants in private conspiracies to deprive others of legal rights. *Griffin v. Breckenridge,* 403 U.S. 88, 101, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971).

98.     42 U.S.C. § 1985(3) provides that "[i]f two or more persons in any state or Territory conspire… for the purpose of depriving, either directly or indirectly, any or class of persons of the equal protection of the laws… the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

99.     That Defendants Barb Byrum, Brad Delaney and the Mason Public School District conspired and/or agreed while acting in their unique positions of power to allow B.D. back into Mason High School.

100.    That the conspiracy and/or agreement and subsequent acts of allowing B.D. back into Mason High School, and specifically when he is a school of choice recipient, deprived Plaintiff of equal protection under the law.

101.   E.M. is a woman and constitutes a cognizable class under § 1985(3) as gender is precisely the type of "immutable characteristic" that has consistently been held an improper basis upon which to differentiate individuals in the allocation of rights.

102.   Byrum and Delaney along with the Mason Public High School acted in furtherance of the conspiracy by allowing and reinstating B.D. back into the Mason Public School District in violation of PPO order where he continues to hinder E.M.'s educational experience and deprived her of equal protection under the law.

103.   That as a result of the conspiracy and agreement to allow B.D. to be reinstated in the school, Plaintiff has suffered severe psychological and emotional injury as a direct and proximate result of Defendants' intentional infliction of emotional distress, including:

    a.   Mental anguish;
    b.   Shock;
    c.   Emotional distress;
    d.   Denial of social pleasures and enjoyment;
    e.   Embarrassment, humiliation or mortification;
    f.   Medical bills and expenses, past and future;
    g.   Humiliation and embarrassment
    h.   Other economic loss;
    i.   Any and all injuries later discovered or otherwise allowed under Michigan law.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter a Judgment in her favor and against the Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as actual, compensatory punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

Respectfully Submitted,

**WOLFE TRIAL LAWYERS, PLLC**

By: */s/ Brandon T. Wolfe*
BRANDON T. WOLFE (P82421)
Attorney for Plaintiff
2844 Livernois, PO Box 276
Troy MI 48099
(313) 450-2015
brandon@hirethewolfe.com

Dated:  February 20, 2024

## PLAINTIFF'S JURY DEMAND

**NOW COMES** Plaintiff Katrina Mackley, as next of friend for E.M. a minor, by and through her attorneys, WOLFE TRIAL LAWYERS, PLLC, and hereby makes demand for a trial by jury of this matter.

Respectfully Submitted,

**WOLFE TRIAL LAWYERS, PLLC**

By: /s/ Brandon T. Wolfe
BRANDON T. WOLFE (P82421)
Attorney for Plaintiff
2844 Livernois, PO Box 276
Troy MI 48099
(313) 450-2015
brandon@hirethewolfe.com

Dated:  February 20, 2024