UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA MACKLEY, as next friend for
E.M., a minor,

    Plaintiff

v.

MASON PUBLIC SCHOOL DISTRICT,
et al.,

    Defendants.
_____/

Case No. 1:24-cv-76

Hon. Robert J. Jonker

## ORDER

Defendants Mason Public School District, Lance Delbridge, and Nicholas Toodzio (collectively, "the District Defendants") filed a Notice of Non-Party Fault as required by Michigan Court Rule 2.112(K) and related Michigan statutes in certain personal injury cases. (ECF No. 23). The Court rule requires "the nonparty's name and last known address, or the best identification of the nonparty that is possible." MCR 2.112(K)(3)(b). The Notice filed complied with this requirement but also redacted the full name of the minor individual and used initials only, as required by FED. R. CIV. P. 5.2(a). Because the Court declined to exercise supplemental jurisdiction over Plaintiff's State law claims, and by separate Order entered yesterday dismissed all other claims except the Title IX claim against the School District, it is not clear whether, and if so how, the Notice of Non-Party Fault process applies in this case. *Cf.* 42 U.S.C. § 1988(a).

The District Defendants now move to seal the filing "in its entirety" to address the privacy concerns of the minor's parents Barb Byrum and Brad Delaney, who were also named Defendants in this case. (ECF No. 25 at PageID.253). Local Rule 10.6 governs filing under seal and emphasizes the need to limit such filings to "information that is truly proprietary or confidential."

W.D. MICH. LCIVR 10.6(a).  This is because the law places a premium on public access and transparency in court proceedings.  *See, e.g.*, *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983).  This "preference for public access is rooted in the public's First Amendment right to know about the administration of justice."  *Picard Chem. Inc. Profit Sharing Plan v. Perrigo Co.*, 951 F. Supp. 679, 690 (W.D. Mich. 1996) (quotation omitted).  The mere desire to maintain the confidentiality of sensitive information is generally not enough to justify a seal.  *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983).  A particularized showing of serious harm is necessary.  *See Tinman v. Blue Cross & Blue Shield of Mich.*, 176 F. Supp. 2d 743, 745–46 (E.D. Mich. 2001).

The District Defendants have not made the requisite showing for a sealed filing.  First, the filing contains exactly the information required by MCR 2.112(K).  Second, the town in which B.D. and his parents live—or at least the town in which they were last known to live—is not a state secret.  Defendant Byrum's Wikipedia page and past issues of the Michigan Manual make it clear she lives in Onondaga with her family.[1]  Third, regardless of whether Michigan non-party fault statutes and court rules will ultimately apply here, the location where B.D. lives is at least potentially relevant to substantive issues in the case because a student's school district is normally tied to his residence address.

**ACCORDINGLY, IT IS ORDERED** that the District Defendants' Motion to Seal, (ECF No. 25), is **DENIED**.

Dated:  May 10, 2024

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE

---

[1] The particular street address is not as readily available, but Onondaga is not a large town and it not difficult to drill down addresses from public sources.  Moreover, the request here is to seal the entire filing, not simply redact the street address.