# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DISTRICT

KATRINA MACKLEY, as next of friend
for E.M., a minor,

        Plaintiff,

-vs-

    Case No. 1:24-cv-00076
    Honorable Robert J. Jonker

MASON PUBLIC SCHOOL DISTRICT;
LANCE DELBRIDGE; NICHOLAS TOODZIO;
BARB BYRUM and BRAD DELANEY, individually,

        Defendants.

---

| | |
|---|---|
| Brandon T. Wolfe  (P82421) | Mark T. Ostrowski  (P49761) |
| **WOLFE TRIAL LAWYERS, PLLC** | Jessica M. Stark-Flechsig  (P80647) |
| 2844 Livernois Rd., Suite 276 | Kyle J. Zielinski  (P83962) |
| Troy, Michigan 48099 | KLUCZYNSKI GIRTZ & VOGELZANG |
| Ph: (313) 450-2015 | Attorneys for Defendants Mason PS District, |
| brandon@hirethewolfe.com | Lance Delbridge, and Nicholas Toodzio |
| | Grand Rapids, MI  49546 |
| Uriel B. Abt  (P84350) | (616) 559-8649 |
| LAW OFFICE OF URI ABT PLLC | Email:  marko@kgvlaw.com |
| Attorney for Defendants Barb Byrum | Email:  jesstark@kgvlaw.com |
| and Brad Delaney | Email:  kzielinski@kgvlaw.com |
| 517 Wildwood Drive | |
| East Lansing, MI  48823 | Michael J. Nichols  (P59391) |
| (517) 858-9410 | Attorney for Def Byrum and Delaney |
| Email:  uri@abtlawfirm.com | 3452 E. Lake Lansing Road |
| | East Lansing, MI  48823 |
| | (517) 432-9000 |
| | Email:  mnichols@nicholslaw.net |

---

## DEFENDANT, MASON PUBLIC SCHOOL DISTRICT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES, Defendant, Mason Public School District, by and through its attorneys, Kluczynski, Girtz & Vogelzang, and for its Answer to Plaintiff's First Amended Complaint, state as follows:

### JURISDICTION AND VENUE

1.      This first amended complaint is brought as of right under FRCP 15(a).

**ANSWER:   The allegations of this paragraph purport to set forth a legal conclusion to which no answer is required.**

2.      This cause of action is brought pursuant to the Unites States Constitution, Title IX and pendent claims arising under the laws of the state of Michigan.

**ANSWER:   Denied. In further answering, the Court dismissed all claims with the exception of the alleged violation of Title IX, 20 U.S.C. 1681. Defendant denies that plaintiff has a legitimate complaint against the school district but does not contest jurisdiction regarding the remaining federal claim.**

3.      This Court has jurisdiction over the claims arising under federal law pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367.

**ANSWER:   Defendant does not contest jurisdiction but contends there is no legitimate basis for holding the school district liable in this matter.**

4.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as this cause of action arose within the Western District of Michigan.

**ANSWER:**   **Defendant does not contest venue but contends there is no legitimate basis for holding the school district liable in this matter.**

## PARTIES

5.      Plaintiff E.M. is a minor, and was at all times relevant hereto, a citizen of the United States and a resident of the City of Mason, County in Ingham, state of Michigan.

**ANSWER:**   **Admitted.**

6.      Plaintiff Katrina Mackley is the mother and duly appointed Next of Friend and brings suit in her representative capacity as the personal representative.

**ANSWER:**   **Admitted upon information and belief.**

7.      Defendant Mason Public School District was at all times relevant hereto, a body politic and Municipal corporation organized under the laws of the State of Michigan and is responsible for the operation of the Mason Public High School (herein "MPHS").

**ANSWER:**   **Admitted.**

8.      At all times material and relevant hereto, Defendant Lance Delbridge was the principal of the Mason Public High School and was acting under the color of state law and in the course and scope of his employment.  He is sued in his individual capacity.

**ANSWER:**   **The claims against this Defendant have been dismissed and no answer is required or given.**

9.      At all times material and relevant hereto, Defendant Nicholas Toodzio was the assistant principal of the Mason Public High School and was acting under the color of state law and in the course and scope of his employment.  He is sued in his individual capacity.

3

**ANSWER:** The claims against this Defendant have been dismissed and no answer is required or given.

10.     At all times material and relevant hereto, Defendant Barb Byrum was and is the mother of the child (B.D.) who sexually assaulted E.M. outlined below and the current Ingham County Clerk who resides in Ingham County.

**ANSWER:** The claims against this Defendant have been dismissed. In further answering, the allegations of this paragraph are neither admitted nor denied for the reason that there is insufficient information to form a belief as to the truth of the matters asserted and plaintiff is left to her proofs at trial.

11.     At all times relevant and material hereto, Defendant Brad Delaney was and is the father of the child (B.D.) who sexually assaulted E.M. outlined below and currently employed with the Ingham County Sheriff's office who resides in Ingham County.

**ANSWER:** The claims against this Defendant have been dismissed. In further answering, the allegations of this paragraph are neither admitted nor denied for the reason that there is insufficient information to form a belief as to the truth of the matters asserted and plaintiff is left to her proofs at trial.

## COMMON FACTUAL ALLEGATIONS

12.     Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 11, as if fully set forth herein.

**ANSWER:** Defendant repeats its answers to paragraphs 1 through 11.

13.    Plaintiff E.M. was a minor who attended the 8th grade at Mason Middle School in the Mason Public School District.

**ANSWER:    Admitted.**

14.    On May 12, 2022, at Mason Middle School, thirteen-year-old E.M. was sexually assaulted by another student, B.D., by digital penetration.

**ANSWER:    The allegations of this paragraph are neither admitted nor denied for the reason that there is insufficient information to form a belief as to the truth of the matters asserted and plaintiff is left to her proofs at trial.**

15.    Plaintiff E.M. was sitting in her English class at a table when B.D., who was attending the same class, pulled her chair closer to him and learned forward as if he was going to tell her a secret but instead, forcefully put his hand inside E.M.'s sweatpants and underwear and digitally penetrated her vagina without consent.

**ANSWER:    The allegations of this paragraph are neither admitted nor denied for the reason that there is insufficient information to form a belief as to the truth of the matters asserted and plaintiff is left to her proofs at trial.**

16.    E.M. indicated that B.D.'s fingers were fully inside her and she tried to stop B.D. by stating "I'm on my period" but was unsuccessful.  She then tried to push his arm away but could not.

**ANSWER:    The allegations of this paragraph are neither admitted nor denied for the reason that there is insufficient information to form a belief as to the truth of the matters asserted and plaintiff is left to her proofs at trial.**

17.     Luckily the bell rang and B.D. took his hand out quickly and E.M. rushed out of the classroom.

**ANSWER:     The allegations of this paragraph are neither admitted nor denied for the reason that there is insufficient information to form a belief as to the truth of the matters asserted and plaintiff is left to her proofs at trial.**

18.     Undeterred, B.D. sat next to E.M. again on May 16, 2022, in a different classroom and once again pulled up a chair and tried to perform the same act, rubbing E.M.'s upper/inner thigh on the outside of her pants.  E.M. abruptly got up and moved away without B.D. saying anything to her.

**ANSWER:     The allegations of this paragraph are neither admitted nor denied for the reason that there is insufficient information to form a belief as to the truth of the matters asserted and plaintiff is left to her proofs at trial.**

19.     These incidents were ultimately reported to Ms. Hilker, the assistant principal, on May 19.

**ANSWER:     Admitted.**

20.     A week later, the Mason Police Department investigated EM's allegations.

**ANSWER:     Admitted.**

21.     Several interviews took place including Ms. Hilker (assistant principal), Ted Berryhill (principal), a forensic interview with E.M. and several Mason Middle School students. B.D. never spoke to the police or denied any allegations whatsoever.

**ANSWER:     Admitted.**

6

22.     On May 27, 2022, the police department's investigation evolved into a Title IX investigation.

**ANSWER:     Admitted that the school district conducted a Title IX investigation, but the remaining allegations are denied.**

23.     E.M.'s version of events was corroborated by other students at Mason Public School who observed B.D. being very "touchy with E.M." and "would touch her legs and rest his hand on her thigh."

**ANSWER:     The allegations of this paragraph are neither admitted nor denied for the reason that there is insufficient information to form a belief as to the truth of the matters asserted and plaintiff is left to her proofs at trial.**

24.     At the conclusion of the Title IX investigation, the district found that BD's unwelcome touching and digital penetration to E.M. was so severe, pervasive and objectively offensive that it effectively denied E.M. equal access to the district's educational program in violation of her civil rights.

**ANSWER:     Denied.**

25.     B.D.'s behavior also violated other District policies and codes of conduct including Board Policy #2266.

**ANSWER:     Admitted that the Title IX investigation determined that B.D. had violated school policy.**

26.     On July 1, 2022, an Ingham County Circuit Court Judge granted an Order for Personal Protection against B.D.

**ANSWER:**    **Admitted.**

27.    On July 28, 2022, the Title IX investigation concluded and recommended the Board of Education expel respondent per Board policy.  The board policy coincides with Michigan law under MCL 380.1311(2) which states "if a pupil… commits a criminal sexual conduct in a school building or on school grounds… against another pupil in the same school district, *the school board shall expel the pupil from the school district permanently…*

**ANSWER:**    **Admitted that B.D. was expelled.**

28.    Upon information and belief, B.D. was expelled from the school for his 9th grade year and applied for reinstatement by and through his parents, Defendants Byrum and Delaney.

**ANSWER:**    **Admitted.**

29.    Significantly, B.D.'s mother is Defendant Byrum, the Ingham County Clerk, and his father a prominent Ingham County Sheriff sergeant, Brad Delaney.

**ANSWER:**    **The allegations of this paragraph are neither admitted nor denied for the reason that there is insufficient information to form a belief as to the truth of the matters asserted and plaintiff is left to her proofs at trial.**

30.    B.D.'s parents petitioned the Mason Board of Education for reinstatement and as a result of their significant influence, were successful.  In other words, the Mason Board of Education and Mason Public School District chose to allow B.D. back in the school without considering the effect on E.M.'s educational environment.

**ANSWER:**    **Admitted that B.D.'s parents filed a petition seeking reinstatement of their son to allow his attendance at Mason High School. The remaining allegations are denied as untrue.**

31.    In petitioning the School Board for B.D.'s reinstatement, his parents exercised undue influence and used their position of authority within the County to persuade and allow B.D. to return to school.

**ANSWER:**    **Denied.**

32.    The following year, and despite a PPO that was reinstated in December 2023, B.D. was placed back in the exact same public school district as E.M. – Mason Public High School.

**ANSWER:**    **Admitted that B.D. attended Mason Public High School from August of 2023 until mid-January of 2024. The remaining allegations are denied as untrue.**

33.    Before the fall 2023 school year, Mason Public High School, by and through Defendant Delbridge and Toodzio, put in place a "No-Contact order" between E.M. and B.D.

**ANSWER:**    **Admitted.**

34.    The practical effect of the "No Contact Order" essentially treats E.M. as if she was equally blameworthy for the incident in the 8th grade and precluded her from traversing down certain hallways, hanging around classrooms or lockers of B.D., avoiding face-to-face contact, and to avoid contact with each other during passing time, lunch time, or extracurricular activities.

**ANSWER:**    **Denied.**

35.     However, E.M. continues to see B.D. daily in the halls, lunchrooms, and extracurricular activities for school.

**ANSWER:     Denied.**

36.     Seeing B.D. every day is a constant reminder of being sexually assaulted in the 8th grade and the mental anguish from the embarrassment.

**ANSWER:     The allegations of this paragraph are neither admitted nor denied for the reason that there is insufficient information to form a belief as to the truth of the matters asserted and plaintiff is left to her proofs at trial.**

37.     The consistent contact is also in direct violation of Ingham County circuit court Judge Richard Garcia's PPO noting "B.D. poses a credible threat to the physical safety of E.M. and interferes with E.M.'s place of education or engaging in conduct that impairs her educational relationship or environment."

**ANSWER:     Denied.**

38.     A formal hearing was recently held and the PPO was reinstated again on January 19, 2024.

**ANSWER:     The allegations of this paragraph are neither admitted nor denied for the reason that there is insufficient information to form a belief as to the truth of the matters asserted and plaintiff is left to her proofs at trial.**

39.     To date, Plaintiff E.M. continues to see B.D. nearly every day at school and the Mason Public School District continues to act with deliberate indifference to E.M. and the harassment.

**ANSWER:**   **Denied.**

### COUNT I
### VIOLATION OF 20 U.S.C. § 1681(a)
### AS TO DEFENDANT MASON PUBLIC SCHOOL DISTRICT

40.     Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 39, as if ore fully set forth herein.

**ANSWER:**   **Defendant repeats its answers to paragraphs 1 through 39.**

41.     Title IX provides that "No person in the United States shall on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

**ANSWER:**   **The allegations of this paragraph purport to set forth a legal conclusion to which no answer is required.**

42.     The Department of Education requires schools that fall under Title IX's broad scope to "adopt and publish grievance procedures providing for the prompt and equitable resolution of student [...] complaints alleging any action that would be prohibited by" Title IX regulations, including sexual assault. 34 C.F.R § 106.8(b); 28 C.F.R. § 54.135(b).

**ANSWER:**   **The allegations of this paragraph purport to set forth a legal conclusion to which no answer is required.**

43.     Plaintiff E.M. was a student at Defendant Mason Public School District and a "person" under Title IX.

**ANSWER:**   **The allegations of this paragraph purport to set forth a legal conclusion to which no answer is required.**

44.     Defendant Mason Public High School receives federal financial assistance for its education program and is therefore subject to the provisions of Title IX.

11

**ANSWER:**    **Admitted.**

45.    Defendant Mason Public School District is required under Title IX to investigate allegations of sexual assault, sexual abuse, sexual harassment and/or sexually-related misconduct.

**ANSWER:**    **The allegations of this paragraph purport to set forth a legal conclusion to which no answer is required. In further answering, Defendant denies that plaintiff has accurately described the duties owed under Title IX.**

46.    Title IX covers the aforementioned conduct in relation to students, employees, and third parties.

**ANSWER:**    **The allegations of this paragraph purport to set forth a legal conclusion to which no answer is required. In further answering, Defendant denies that plaintiff has accurately described the duties owed under Title IX.**

47.    B.D.'s unwanted, offensive, and sexual touching(s) toward Plaintiff on multiple days was in violation of Title IX and constitutes severe, pervasive, and objectively offensive behavior that occurred on school grounds.

**ANSWER:**    **The allegations of this paragraph are neither admitted nor denied for the reason that there is insufficient information to form a belief as to the truth of the matters asserted and plaintiff is left to her proofs at trial.**

48.    Plaintiff reported it to agents of the Mason Public School district, which was investigated by Mason Police Department and Defendant's Title IX department.

**ANSWER:**    **Admitted.**

49.    Defendant Mason Public School District had actual and/or constructive knowledge and notice of B.D.'s sexual misconduct and Plaintiff's desire to alleviate and resolve

this sexually-charged environment, including the stress and anxiety that being around B.D. caused her.

**ANSWER:**    **Denied.**

50.     B.D. was expelled from Mason Public School District in violation of Board Policy #2266 and Michigan law under MCL 380.1311(2) which provides "if a pupil.... commits a criminal sexual conduct in a school building or on school grounds... against another pupil in the same school district, the school board shall expel the pupil from the school district permanently...

**ANSWER:**    **Denied.**

51.     Approximately 150 days after the suspension, B.D.'s parents petitioned—using their local political influence—the Mason Board of Education for reinstatement of B.D.

**ANSWER:**    **Denied.**

52.     The Mason Board of Education and the Mason Public School District ultimately reinstated B.D. in the same high school despite a PPO order in place and acted with complete indifference to E.M.'s educational experience and environment.

**ANSWER:**    **Denied.**

53.     Before the beginning of the Fall 2023 school year, Plaintiff sought assurance through Toodzio and Delbridge she would never be forced to suffer embarrassment and shame at the hands of B.D. sexually charged misconduct. This was apparently dealt with by the Mason Public School district in the form of a hollow "No Contact Order" which precludes any face-to-face contact.

**ANSWER:**    **Denied.**

54.     Despite the severity of the incident and mental trauma associated with B.D.'s appearance, E.M. continues to see B.D. every day at school even with the No-Contact Order in place.

**ANSWER:**     **Denied.**

55.     From the beginning of the school year in 2023, E.M. was subjected to sex discrimination consisting of harassment and an interference with her educational environment in violation of her civil rights.

**ANSWER:**     **Denied.**

56.     These face-to-face contacts are also in direct violation of the PPO put in place by Ingham County Circuit Court Judge Garcia which provides "B.D. poses a credible threat to the physical safety of E.M. and interferes with E.M.'s place of education or engaging in conduct that impairs her educational relationship or environment."

**ANSWER:**     **Denied.**

57.     Given the above, Defendant Mason Public School District along with Defendant Mason Board of Education, through its agents and employees involved in enforcing and complying with Title IX, acted with deliberate indifference to known acts of sexual misconduct, specifically by allowing B.D. back in Mason Public Schools, failing to discipline B.D. when he violated the No-Contact Order, failing to separate B.D. from E.M., failing to take corrective action, failing to provide her with information about supportive measures, and failing to establish a policy or procedure that ensures she will not be in the vicinity of B.D. to re-live this traumatic situation.

**ANSWER:**     **Denied.**

58.     Defendants' failure to promptly and appropriately investigate, remedy, and respond to the situation and continued face-to-face contact after receiving notice of the same subjected Plaintiff E.M. to continued and significant distress, forced Plaintiff to continue to be around B.D. and negatively affected Plaintiff to the extent that her grades suffered.

**ANSWER:   Denied.**

59.     That as a direct and proximate result of Defendants' collective conduct and wrongful acts and omissions, Plaintiff has suffered mental anguish, physical and emotional distress, humiliation, mortification and embarrassment, as well as loss of reputation.

**ANSWER:   Denied.**

60.     Pursuant to 42 U.S.C. § 1988 and 20 U.S.C. § 1681, Defendant is liable to Plaintiff for all damages allowed under federal law.  To the extent that the damages allowable and/or recoverable under one or both the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

**ANSWER:   Denied.**

**WHEREFORE,** Defendant requests that this Honorable Court enter a Judgement of no cause for action against Plaintiff and it its favor along with an award of costs and fees.

**COUNT II – DISCRIMINATION VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT, M.C.L. 37.2401 AS TO DEFENDANTS MASON PUBLIC SCHOOL DISTRICT, LANCE DELBRIDGE AND NICHOLAS TOODZIO**

61.     Plaintiff reasserts and re-alleges each allegation contained in paragraphs 1 through 60, as if fully set forth herein.

**ANSWER:     This count has been dismissed. In further answering, Defendant repeats its answers to paragraphs 1 through 60.**

62.     The Elliott-Larsen Civil Rights Act, M.C.L. § 37.2402 prohibits an educational institution from discriminating "against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of religion, race, color, national origin, or sex."

**ANSWER:**     **This Count has been dismissed.**

63.     Defendant Mason Public School District is an "educational institution", and Lance Delbridge and Nicholas Toodzio are "agents" pursuant to the Elliott-Larsen Civil Rights Act.

**ANSWER:**     **This Count has been dismissed.**

64.     Because of Plaintiff's gender, she was denied the full and equal right to an adequate investigation by Defendant Mason Public School District regarding Plaintiff's repeated complaints about seeing B.D. in the hallways, at lunch, and during extracurricular activities at school.

**ANSWER:**     **This Count has been dismissed.**

65.     The Mason Board of Education as an agent of Defendant Mason Public School District discriminated against E.M when it allowed B.D. to be reinstated into the same school district without considering its effect on the interference with E.M.'s education.

**ANSWER:**     **Denied. In further answering, this Count has been dismissed.**

66.     Defendant Toodzio and Lance Delbridge, as agents of Mason Public School district in their official capacity as assistant principal and principal, discriminated against Plaintiff by refusing to legitimately treat this incident as serious and/or as prospective sexual misconduct given the No-Contact order was inadequate—something known to Toodzio and the district—and the district was required to take further steps to avoid new liability.

**ANSWER:**    **Denied. In further answering, this Count has been dismissed.**

67.    Defendant's Title IX "policies and procedures" utilize a discriminatorily double standard and created a hostile educational environment where E.M. had to repeatedly see her perpetrator every single day in school, including some classes and lunch breaks.

**ANSWER:**    **Denied. In further answering, this Count has been dismissed.**

68.    The Defendants collectively failed to take prompt and appropriate remedial action upon learning that the No-Contact order was violated and more importantly, that a circuit court judge's PPO order was violated and instead condoned B.D.'s behavior given his parents hold unique positions of power within Ingham County.

**ANSWER:**    **Denied. In further answering, this Count has been dismissed.**

69.    As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described herein, Plaintiff has suffered injuries and damages, including, but not limited to, loss of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

**ANSWER:**    **Denied. In further answering, this Count has been dismissed.**

70.    Pursuant to the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq.*, Defendants are liable to Plaintiff for all damages allowed under state law. To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

**ANSWER:**    **Denied. In further answering, this Count has been dismissed.**

**WHEREFORE,** Defendant respectfully requests that this Honorable Court enter a Judgment of no cause for action against Plaintiff and in its favor along with an award of costs and fees.

**COUNT III**
**STATE LAW CIVIL CONSPIRACY AS TO ALL DEFENDANTS**

71.     Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 70, as if fully set forth herein.

**ANSWER:    This Count has been dismissed. In further answering, Defendant repeats its answers to paragraphs 1 through 70.**

72.     Defendants Mason Public School District and Mason Board of Education violated Plaintiff's civil rights as identified herein, including by:

   a.  Blatantly allowing a sexual perpetrator to attend the same school as his victim, E.M., and interfering/hindering her educational environment;
   b.  Allowing B.D. to attend Mason Public School despite B.D.'s continued violations of the Personal Protection order it had knowledge of;
   c.  Allowing B.D. to continue to attend Mason Public Schools despite the repeated violations of the school's "No-Contact Order" despite knowledge of the repeated violations;
   d.  Violating Plaintiff's rights under ELCRA;
   e.  Other violations of Plaintiff's civil rights learned through the course of discovery.

**ANSWER:    Denied. In further answering, this Count has been dismissed.**

73.     Upon information and belief, Defendants Mason Public Schools and the Mason Board of Education violated Plaintiff's civil rights pursuant to an agreement with or in concert with Defendants Barb Byrum and Brad Delaney.

**ANSWER:    Denied. In further answering, this Count has been dismissed.**

74.     Defendants Mason Public Schools were acting under their unique positions of power when they conspired with the Defendants Barb Byrum and Delaney.

**ANSWER:**     **Denied. In further answering, this Count has been dismissed.**

75.     Defendant Byrum and Delaney used their positions of influence and authority within the County to exert pressure on the School Board and allow their son's reinstatement.

**ANSWER:**     **Denied. In further answering, this Count has been dismissed.**

76.     Knowing that there was no valid basis to reinstate their son and that doing so would negatively interfere with Plaintiff's educational right to be free from a hostile education environment caused by their son, Defendants still collectively used their influence to have their son reinstated.

**ANSWER:**     **Denied. In further answering, this Count has been dismissed.**

77.     The collective collusion between Defendants and Defendant Mason Public School District resulted in B.D. being allowed back into the same school with Plaintiff, and violation of her civil rights under Title IX and ELCRA.

**ANSWER:**     **Denied. In further answering, this Count has been dismissed.**

78.     As a result of Defendants' action and/or omissions, Plaintiff has the following damages:

    a.   Special damages in the form of medical bills;

    b.   Compensatory damages;

    c.   Conscious pain and suffering;

    d.   Punitive damages;

    e.   All damages allowable under Michigan law;

    f.   All damages allowable under Federal law;

g.   Reasonable costs and attorney fees under 42 U.S.C. § 1988.

**ANSWER:**   **Denied. In further answering, this Count has been dismissed.**

**WHEREFORE,** Defendant respectfully requests that this Honorable Court enter a Judgment of no cause for action against Plaintiff and in its favor along with an award of costs and fees.

**COUNT IV**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AS TO BARB BYRUM AND BRAD DELANEY**

79.   Plaintiff re-asserts and realleges each and every allegation contained in paragraphs 1 through 78, as if fully set forth herein.

**ANSWER:**   **This Count has been dismissed. In further answering, Defendant repeats its answers to paragraphs 1 through 78.**

80.   Despite the Plaintiff's known stress and anxiety from being forced to persistently be around and see B.D., particularly with a Court order PPO in place, Defendants Byrum and Delaney were indifferent to the same and intentionally allowed this to continue.

**ANSWER:**   **Denied. In further answering, this Count has been dismissed.**

81.   Defendant Byrum and Delaney specifically intended or acted with reckless disregard to reinstate B.D. in the exact same school E.M. was attending despite the fact the Ingham County Circuit court instituted a PPO against B.D. where he was hindering or affecting E.M.'s educational experience.

**ANSWER:**   **Denied. In further answering, this Count has been dismissed.**

82.   The conduct by Defendant Byrum and Delany was either specifically intended to cause E.M. emotional distress or their conduct is/was so reckless that any reasonable person would know emotional distress would result.

**ANSWER:**   **Denied. In further answering, this Count has been dismissed.**

83.     That in January 2024, an Ingham County Circuit Court Judge recently reinstated E.M.'s PPO against B.D. and feels that E.M.'s emotional experience has been hindered, B.D continues to go to the same school in violation of the PPO, and B.D.'s parents continue to allow him to go to Mason High school constitutes extreme and outrageous and/or completely reckless behavior.

**ANSWER:**     **Denied. In further answering, this Count has been dismissed.**

84.     Defendants Byrum and Delaney's intentional decisions and/or reckless disregard to have B.D. allowed back in school and in violation of laws and policies was undertaken with malice and/or wanton or reckless disregard to Plaintiff and to the further victimization and emotional distress this intentional conduct would naturally cause.

**ANSWER:**     **Denied. In further answering, this Count has been dismissed.**

85.     That Defendant Byrum's and Delaney's conduct of allowing B.D. back into the same school as E.M. goes beyond all possible bounds of decency and to be regarded as atrocious and intolerable behavior, particularly when B.D. is a school of choice recipient and his parents pay no taxes in the city of Mason.

**ANSWER:**     **Denied. In further answering, this Count has been dismissed.**

86.     The described intentional and/or reckless conduct of Defendants Byrum and Delaney directly and proximately caused severe emotional distress in that:

a.   The mental shame and mortification inflicted on Plaintiff were serious  and of a nature certain to cause severe mental disturbance to this Plaintiff;

b.   Re-opening closed wounds and trauma caused by B.D. with regard to his sexual assault on E.M.;

21

    c.   That allowing B.D. to attend the same school as E.M. caused a predictable,

          probable and anticipated severe emotional distress to her;

    d.   That the consistent reminder of the past sexual assault by seeing B.D. caused

          physical symptoms to E.M.

**ANSWER:**    **Denied. In further answering, this Count has been dismissed.**

87.    Plaintiff has suffered severe psychological and emotional injury as a direct and proximate result of Defendants' intentional infliction of emotional distress, including:

    a.   Mental anguish;
    b.   Shock;
    c.   Emotional distress;
    d.   Denial of social pleasures and enjoyment;
    e.   Embarrassment, humiliation or mortification;
    f.   Medical bills and expenses, past and future;
    g.   Humiliation and embarrassment
    h.   Other economic loss;
    i.   Any and all injuries later discovered or otherwise allowed under Michigan law.

**ANSWER:**    **Denied. In further answering, this Count has been dismissed.**

**WHEREFORE,** Defendant respectfully requests that this Honorable Court enter a Judgment of no cause for action against Plaintiff and in its favor along with an award of costs and fees.

## COUNT V
## INTENTIONAL INFLICATION OF EMOTIONAL DISTRESS AS TO DEFENDANT LANCE DELBRIDGE AND NICHOLAS TOODZIO

88.    Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 87, as if fully set forth herein.

**ANSWER:**    **This Count has been dismissed. In further answering, Defendant repeats its answers to paragraphs 1 through 87.**

89.     That despite a Court ordered PPO in place before the 2023 school year, the Mason Public Schools and specifically Lance Delbridge and Nicholas Toodzio allowed B.D. to be reinstated into the Mason Public High School knowing the B.D.'s presence could affect E.M.'s educational experience constituting extreme and outrageous behavior.

**ANSWER:     Denied. In further answering, this Count has been dismissed.**

90.     Lance Delbridge and Nicholas Toodzio specifically intended and/or acted with recklessness allowing B.D. to be reinstated at Mason Public High School and failed to consider E.M.'s educational experience.

**ANSWER:     Denied. In further answering, this Count has been dismissed.**

91.     When the school year began in 2023, Plaintiff E.M. continually was around and observed B.D. nearly every day in school and the individual school Defendants failed to remedy the situation despite numerous requests from E.M. which constitutes extreme and outrageous behavior in direct violation of the school's "No-Contact Order."

**ANSWER:     Denied. In further answering, this Count has been dismissed.**

92.     That in January 2021, a Circuit Court Judge in Ingham County has re-instated an PPO against B.D. stating that circumstances continue to exist where B.D. continues to interfere with E.M.'s educational environment.

**ANSWER:     Denied. In further answering, this Count has been dismissed.**

93.     That despite the reinstatement of the PPO where Defendant Toodzio appeared as a witness, Mason Public High School to this day fails to institute and/or correct any policies and procedures and continues to act with complete indifference and/or recklessly by intentionally ignoring E.M.'s complaints and concerns.

**ANSWER:     Denied. In further answering, this Count has been dismissed.**

94.     The described intentional and/or reckless conduct of Defendants Mason Public High School, Toodzio and Delbridge directly and proximately caused severe emotional distress in that:

a.   The mental shame and mortification inflicted on Plaintiff were serious and of a nature certain to cause severe mental disturbance to this Plaintiff;

b.   Re-opening closed wounds and trauma caused by B.D. with regard to his sexual assault on E.M.;

c.   That allowing B.D. to attend the same school as E.M. caused a predictable, probable and anticipated severe emotional distress to her;

d.   That the consistent reminder of the past sexual assault by seeing B.D. caused physical symptoms to E.M.

**ANSWER:**     **Denied. In further answering, this Count has been dismissed.**

95.     Plaintiff has suffered severe psychological and emotional injury as a direct and proximate result of Defendants' intentional infliction of emotional distress, including:

f.   Mental anguish;

g.   Shock;

h.   Emotional distress;

i.   Denial of social pleasures and enjoyment;

j.   Embarrassment, humiliation or mortification;

k.   Medical bills and expenses, past and future;

l.   Humiliation and embarrassment

m.   Other economic loss;

n.   Any and all injuries later discovered or otherwise allowed under Michigan law.

**ANSWER:**    **Denied. In further answering, this Count has been dismissed.**

**WHEREFORE,** Defendant respectfully requests that this Honorable Court enter a Judgment of no cause for action against Plaintiff and in its favor along with an award of costs and fees.

### COUNT VI
### CIVIL CONSPIRARY UNDER 42 U.S.C. § 1985(3) AS TO DEFENDANTS BARB BYRUM, BRAD DELANEY AND THE MASON PUBLIC SCHOOL DISTRICT

96.     Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 95, as if fully set forth herein.

**ANSWER:**    **This Count has been dismissed. In further answering, Defendant repeats its answers to paragraphs 1 through 95.**

97.     The Reconstruction-era Congress passed § 1985(3) in order to provide a cause of action against participants in private conspiracies to deprive others of legal rights. *Griffin v. Breckenridge,* 403 U.S. 88, 101, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971).

**ANSWER:**    **This Count has been dismissed. In further answering, the allegations of this paragraph purport to set forth a legal conclusion to which no answer is required.**

98.     42 U.S.C. § 1985(3) provides that "[i]f two or more persons in any state or Territory conspire… for the purpose of depriving, either directly or indirectly, any or class of persons of the equal protection of the laws… the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators."

**ANSWER:**    **This Count has been dismissed. In further answering, the allegations of this paragraph purport to set forth a legal conclusion to which no answer is required.**

99.     That Defendants Barb Byrum, Brad Delaney and the Mason Public School District conspired and/or agreed while acting in their unique positions of power to allow B.D. back into Mason High School.

**ANSWER:**     **Denied. In further answering, this Count has been dismissed.**

100.    That the conspiracy and/or agreement and subsequent acts of allowing B.D. back into Mason High School, and specifically when he is a school of choice recipient, deprived Plaintiff of equal protection under the law.

**ANSWER:**     **Denied. In further answering, this Count has been dismissed.**

101.    E.M. is a woman and constitutes a cognizable class under § 1985(3) as gender is precisely the type of "immutable characteristic" that has consistently been held an improper basis upon which to differentiate individuals in the allocation of rights.

**ANSWER:**     **This Count has been dismissed. In further answering, the allegations of this paragraph purport to set forth a legal conclusion to which no answer is required.**

102.    Byrum and Delaney along with the Mason Public High School acted in furtherance of the conspiracy by allowing and reinstating B.D. back into the Mason Public School District in violation of PPO order where he continues to hinder E.M.'s educational experience and deprived her of equal protection under the law.

**ANSWER:**     **Denied. In further answering, this Count has been dismissed.**

103.    That as a result of the conspiracy and agreement to allow B.D. to be reinstated in the school, Plaintiff has suffered severe psychological and emotional injury as a direct and proximate result of Defendants' intentional infliction of emotional distress, including:

    a.   Mental anguish;

    b.   Shock;

    c.   Emotional distress;

    d.  Denial of social pleasures and enjoyment;

    e.  Embarrassment, humiliation or mortification;

    f.  Medical bills and expenses, past and future;

    g.  Humiliation and embarrassment

    h.  Other economic loss;

    i.  Any and all injuries later discovered or otherwise allowed under Michigan law.

**ANSWER:**    **Denied. In further answering, this Count has been dismissed.**

      **WHEREFORE,** Defendant respectfully requests that this Honorable Court enter a Judgement of no cause for action against Plaintiff and in its favor along with an award of costs and fees.

Date: May \_\_\_, 2024          KLUCZYNSKI, GIRTZ & VOGELZANG

                        By:    /s/ Mark T. Ostrowski
                                Mark T. Ostrowski (P49761)
                                Kyle J. Zielinski (P83962)
                                Attorneys for Defendants
                                3033 Orchard Vista Dr. SE, Suite 308
                                Grand Rapids, MI 49546
                                (616) 559-8649

## **AFFIRMATIVE DEFENSES**

      NOW COMES Defendant, by and through its attorneys, Kluczynski, Girtz & Vogelzang, and in regard to plaintiff's Complaint assert the following Affirmative Defenses:

1.    Plaintiff has failed to allege a claim upon which relief may be granted.

2.    Plaintiff's claims may be barred by an applicable statute of limitations.

3.    That plaintiff has pled conclusions of law rather than allegations of fact as required by applicable federal court rule and, therefore, those allegations must be stricken.

4.    Defendant objects to the misjoinder and non-joinder of parties and claims.

5.   Plaintiff has not alleged any basis upon which Defendant can be held liable for the alleged misconduct of student B.D.

6.   Defendant did not have notice of the alleged misconduct by B.D. until well after the fact and responded appropriately to the information they subsequently received.

7.   Plaintiff has not alleged any basis upon which Defendant could be held liable under federal law for the alleged misconduct of student B.D.

8.   Defendants will rely upon all principles of contributory fault and or comparative fault available under state and federal law and specifically note that any harm caused to plaintiff was the result of the conduct of non-party student B.D. and her own failure to make a timely report of the alleged wrongful conduct.

9.   Defendants acted reasonably at all times and complied with all sources of federal and state law.

10.   Based on information and belief the alleged sexual assaults may have involved consensual conduct between plaintiff and B.D. and plaintiff's claims are barred by the wrongful conduct rule.

11.   Plaintiff and/or her mother may not have acted reasonably to mitigate any damages suffered.

12.   That injuries and damages as claimed by plaintiff may be excessive, exaggerated or not causally connected to the occurrence at issue and, otherwise, maybe limited or barred by applicable statute or decisional law.

13.   That the claims of liability against defendant are wholly groundless in fact and are not warranted by any existing law or even by good faith agreement and/or are consequently frivolous and should be dismissed, notice is hereby given that dismissal against these frivolous claims against defendant will be sought and, should plaintiff refuse to dismiss these claims, defendant will seek all costs, attorney fees and sanctions allowable under applicable rules of law and court rule.

14.   Defendant did not have notice either actual or constructive until after the alleged assaults by B.D. and acted promptly and effectively in response upon receiving notice.

15.   Defendant did not act with deliberate indifference or in an unreasonable manner regarding plaintiff's alleged assault and aftermath.

16.     Plaintiff has not alleged and cannot prove that E.M. suffered any subsequent severe, pervasive and/or objectively offensive sexual harassment as required to have a valid claim against the School District Defendant.

17.     Defendant reserves the right to plead additional Affirmative Defenses until the time of trial.


Date:  May 22, 2024                              KLUCZYNSKI, GIRTZ & VOGELZANG


                                    By:     /s/ Mark T. Ostrowski
                                            Mark T. Ostrowski (P49761)
                                            Kyle J. Zielinski (P83962)
                                            Attorneys for Defendants
                                            3033 Orchard Vista Dr. SE, Suite 308
                                            Grand Rapids, MI 49546
                                            (616) 559-8649