**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KATRINA MACKLEY, as next of friend of EM,
A minor,

                Plaintiff,

Case No. 1:24-cv-00076-RJJ-SJB
Hon. Robert J. Jonker
Mag. Sally J. Berens

-v-

MASON PUBLIC SCHOOL DISTRICT;

                Defendant.

| | |
|---|---|
| BRANDON T. WOLFE (P82421)<br>**WOLFE TRIAL LAWYERS, PLLC**<br>Attorney for the Plaintiff<br>2844 Livernois Rd., Suite 276<br>Troy, Michigan 48099<br>Ph: (313) 450-2015<br>brandon@hirethewolfe.com | Mark T. Ostrowski (P49761)<br>**Kluczynski Girtz & Vogelzang**<br>Attorneys for Defendant<br>Mason Public School District<br>3033 Orchard Vista Dr, SE, Ste. 308<br>Grand Rapids, MI 49546<br>(616) 459-0556<br>MarkO@kgvlaw.com |

**STIPULATION TO EXTEND CASE MANAGEMENT ORDER IN REGARD TO DISCOVERY AND DEADLINE FOR ADR**

NOW COME the above-named parties, by and through their counsel, and hereby stipulate to the following:

1. That Plaintiff initiated the instant action through the filing of her Summons and Complaint on January 27, 2024. That Plaintiff filed a First Amended Complaint on February 20, 2024. That this Court entered a Case Management Order (ECF 15) on March 15, 2024, setting forth applicable deadlines.

2. That this court entered an Order on May 9, 2024, which dismissed Defendants Delbridge, Toodzio, Byrum and Delaney, leaving only Count 1 of Plaintiff's First Amended Complaint remaining, a Title IX gender discrimination claim against Defendant Mason Public School District.

3. That there have been delays in receiving the medical records of E.M. from her various medical providers. That the medical records are relevant based on the allegations of mental and emotional distress contained within Plaintiff's First Amended Complaint. That review of the relevant medical records was required to properly depose a number of individuals relevant to this matter.

4. That due to the time that has elapsed since the medical records of E.M. were initially requested from her providers, there may now be additional relevant records which need to be provided to Defendant for review and which may prompt the need for additional discovery between the parties.

5. That the deposition of B.D. is scheduled for November 11, 2024. However, while Plaintiff had submitted a subpoena to B.D. for his attendance at the scheduled deposition, Counsel for B.D., Uri Abt, has indicated he will not make B.D. available for the deposition due to his assertion of his rights under the Fifth Amendment. This court will likely need to decide if the deposition of B.D. needs to be compelled. Plaintiff contends there is no blanket Fifth Amendment protection to preclude B.D. from testifying in any capacity.

6. That the deposition of Nicholas Toodzio is scheduled for November 19, 2024. That the deposition of Katrina Mackley is scheduled for November 22, 2024. That the deposition of Superintendent Gary Kinzer is scheduled for November 25, 2024.

7. That the deposition of Mason Public School's Board of Education member Bryan Droscha is scheduled for November 19, 2024.

8.  That in addition to the deposition of Bryan Droscha, the parties are currently working to schedule the depositions of another six members of the Mason Public School's Board of Education.

9.  That the parties are currently working to schedule the deposition of Plaintiffs expert, Dr. Emily Escott, following her psychological evaluation of E.M.

10. That the parties are currently working to schedule the deposition of Defendant's experts.

11. That Defendant is contemplating deposing one or more of E.M.'s medical providers and may potentially depose one or more student witnesses.

12. That more individuals may also need to be deposed following the above depositions if new information is uncovered.

13. That the parties have had difficulty scheduling depositions in this matter due to the number of individuals needing to be deposed and Plaintiff's unavailability due to his busy trial schedule and work on other matters.

14. That due to the ongoing difficulties with scheduling depositions and the large number of individuals still needing to be deposed, the parties are unlikely to be able to schedule the entirety of the remaining depositions prior to the current completion of discovery on November 30, 2024.

15. That on October 28, 2024, Defendant served Plaintiff with a 2nd set of Requests for Production, Expert Interrogatories and Requests for Production, and a 1st set of Requests for Admissions, Special Interrogatories and Special Requests for Production. The discovery requests issued on October 28, 2024, are due on November 27, 2024, less than a week before the current deadline for completion of Discovery.

16. That additional discovery may be needed if new information is uncovered in response to Defendants discovery requests or the depositions outlined above.

17. That the parties request that the deadline for discovery be extended from November 30, 2024, to January 31, 2025, and the deadline for submitting Dispositive Motions be extended from January 15, 2025, to March 15, 2025 to allow for the remaining depositions to be conducted and/or any additional discovery which may become needed.

Date: November 6, 2024

/s/ Mark T. Ostrowksi
Mark T. Ostrowski  (P49761)
Kyle J. Zielinski (P83962)
KLUCZYNSKI, GIRTZ & VOGELZANG
Attorneys for Defendant
3033 Orchard Vista Drive SE, Ste 308
Grand Rapids, MI  49546
(616) 559-8649

Date: November 6, 2024

/s/ Brandon T. Wolfe
Brandon T. Wolfe  (P82421)
WOLFE TRIAL LAWYERS, PLLC
Attorneys for Plaintiff
2844 Livernois Rd., Suite 276
Troy, Michigan 48099
(313) 450-2015

**IT IS SO ORDERED.**

Dated: November 7, 2024

/s/ Robert J. Jonker
ROBERT J. JONKER
United States District Judge

4