UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA MACKLEY, as next friend for
E.M., a minor,

        Plaintiff,

v.

MASON PUBLIC SCHOOL DISTRICT;
LANCE DELBRIDGE; NICHOLAS
TOODZIO; BARB BYRUM and BRAD
DELANEY, individually,

        Defendants.

Case No. 1:24-cv-00076-RJJ-SJB

Hon. Robert J. Jonker

Mag. Sally J. Berens

## **STIPULATED PROTECTIVE ORDER**

This matter having come before the Court pursuant to the stipulation of the parties, and the Court being otherwise fully advised in the premises.

IT IS HEREBY ORDERED THAT,

1. Counsel for any party may designate any document, information contained in a document, information revealed in a discovery response, or information disclosed during a deposition as "confidential" if counsel determines, in good faith, that such information contains protected health information of any of the parties or information protected by the Federal Educational Records Protection Act (FERPA), or other state or federal privacy laws. No information that would

otherwise be available to the public pursuant to a public records request shall be considered "confidential." All FERPA-protected records of E.M. and B.D. disclosed in the course of this litigation are hereby so designated.

2. Any party that wishes to challenge the designation of any material as "confidential" may do so at any time by way of motion to this Court. The designating party shall have the burden of justifying its designation. Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention.

3. Any material designated "confidential" will be used solely for the purposes of this lawsuit, and in compliance with the applicable Federal Rules of Civil Procedure and the Federal Rules of Evidence, and not for any other purpose.

4. The parties and counsel for the parties shall not disclose or permit the disclosure of any "confidential" information or material to any third person or entity except as set forth below. Subject to these requirements, the following categories of persons may be allowed to review confidential information:

   a. Counsel of record and their support staff, including in-house counsel, paralegals, interns, externs, and all employees or agents of such counsel assigned to and necessary to assist in the litigation;

   b. Parties to this action;

   c. Expert witnesses or outside consultants that have been retained or are

      being considered for retention as expert witnesses by counsel of record;

  d. Video equipment operators or court reporters at depositions;

  e. Mediators appointed or retained to mediate this action;

  f. Any person from whom testimony is taken or is to be taken in this action, except that such a person may only be shown the confidential information during and in preparation for his or her testimony and may not retain the confidential information;

  g. All court personnel, including all court reports, special masters, law clerks, legal externs or interns, any trial or appellate judge or Court having jurisdiction over this lawsuit, and any authorized personnel of such trial or appellate courts;

  h. Mock jurors, focus group members, and the like employed by counsel of record in preparation for trial in this lawsuit, provided no confidential documents will be left in possession of any such person, and;

  i. The jury.

5. Any inadvertent production of privileged or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.)  However, the disclosure of any particular material shall cease to be "inadvertent" if the receiving party notifies the producing party of the disclosure, and the producing party does not request the return of the

privileged matter within 10 days.

6. This Order shall survive the termination of this action. Counsel for the parties shall assemble and return to each other all information designated as "confidential" and all copies of same, or shall certify the destruction thereof within 14 days of the termination of this action, including final appeal. This provision shall not apply to documents and things the Court determines are not "confidential." Counsel for each party may keep a copy of all pleadings and other documents filed with the Court for their files. The Court shall retain jurisdiction to entertain such further proceedings and to enter further orders and judgments as may be necessary or appropriate to implement and/or enforce the provisions of this Order.

7. The designation of a document as "confidential" does not affect or limit the document's use in submissions to the Court or at trial. However, if a party files "confidential" information with the Court in support of a motion, pleading, response, or similar document, the party will seek leave to file the "confidential" information under seal in accordance with Fed. R. Civ. P. 5.2(d). Nothing in this Order shall be interpreted to modify the requirements of the applicable Court Rules regarding the filing of documents under seal or as non-public

8. This Order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court.

A party seeking to file under seal must comply with the procedures outlined in Local Civil Rule 10.6.

9. Nothing within this Stipulation and Order shall prevent the parties from using and/or presenting this information to the Court or Jury at trial in accordance with the Federal Rules of Evidence, Federal Rules of Civil Procedure, or any other order imposed by the Court.

10. The parties understand and agree that disclosure of "confidential" material does not waive any objection to or argument for the admissibility of such confidential documents at trial. The parties expressly reserve the right to raise at or before trial any objections to or argument for admissibility which may exist under the Federal Rules of Evidence and Civil Procedure or State or Federal Law. The parties understand and agree that any party may contest the admissibility, discoverability, or privileged status of any protected document, subject to the procedures outlined in this Order.

IT IS SO ORDERED.

Dated: _____
Hon. Robert J. Jonker
United States District Judge

We agree to entry of the above order:


*/s/ Brandon T. Wolfe*
Brandon T. Wolfe (P82421)
Attorney for the Plaintiff


*/s/ Mark T. Ostrowski*
Mark T. Ostrowski  (P49761)
Attorney for Defendants Mason Public School District, Lance Delbridge, and Nicholas Toodzio